ERIC GRANT
United States Attorney
MATTHEW DE MOURA
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAMAAL YUSUF,<br><br>Defendant. | CASE NO. 2:23-cr-00241-JAM<br><br>**STIPULATION AND ORDER TO CONTINUE CHANGE OF PLEA HEARING AND EXCLUDE TIME**<br><br>DATE: September 23, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Matthew De Moura, and Defendant, Kamaal Yusuf, by and through his attorney of record, Patrick Hanly, hereby move to continue the change of plea hearing currently scheduled for September 23, 2025, at 9 a.m. to November 4, 2025, at 9 a.m., based on the following:

    a)    The defendant is currently in the custody of California Department of Corrections and Rehabilitation (CDCR) and serving 15 years to life for second degree murder.

    b)    The defendant is housed at the California Correctional Institution (CCI) located in Tehachapi, CA (located in the County of Kern).

    c)    A writ of habeas corpus has been obtained to bring the defendant to Sacramento from CCI.

    d)    In coordinating transportation of the defendant, the Government has been in

communication with the United States Marshals Service (USMS) and they have indicated that they need additional time to pick up, transfer, and transport the defendant to Sacramento from state custody.

e) The Government has spoken with USMS as recently as the morning of September 19, 2025, about transferring the defendant for the Change of Plea hearing and the need for additional time.

f) Counsel for defendant desires additional time to consult with his client when he is transferred to Sacramento and in federal custody.

g) The Government has been in communication with the Court and counsel for the defendant about the issue.

h) The proposed change of plea date on November 4, 2025, represents the earliest and most convenient date for counsel. This requested date takes into account counsels' schedules, defense counsels' commitments to other clients, and defense counsels' need to prepare the defendant for the hearing.

i) The parties have met and conferred on this continuance and understand the Government's request. The defense concurs in the Government's request and does not object.

j) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

///
///
///
///
///
///
///
///
///

k) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 23, 2025 to November 4, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: September 19, 2025

ERIC GRANT
United States Attorney

/s/ MATTHEW DE MOURA
MATTHEW DE MOURA
Special Assistant United States Attorney

Dated: September 19, 2025

/s/ PATRICK HANLY
PATRICK HANLY
Counsel for Defendant
KAMAAL YUSUF

STIPULATION REGARDING EXCLUDABLE
TIME PERIODS UNDER SPEEDY TRIAL ACT

3

**ORDER**

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court **VACATES** the September 23, 2025, change of plea hearing and **RESETS** the matter for a **change of plea hearing** on **Tuesday, November 04, 2025, at 9:00 a.m.** The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between September 23, 2025, and November 4, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from September 23, 2025, to and including November 4, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: September 19, 2025

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE